UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN GORDON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-12329-IT |
| | * | |
| STEPHEN SPAULDING, Warden, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER
December 20, 2021

TALWANI, D.J.

## I. Introduction

Petitioner John Gordon, who is currently incarcerated at Federal Medical Center ("FMC") Devens in Ayer, Massachusetts, filed a second Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] challenging a life sentence imposed in the Eastern District of Michigan. Presently at issue is Respondent FMC Warden Stephen Spaulding's Response to Gordon's Motion Under 28 U.S.C. § 2241 [#14]. For the reasons set forth below, Respondent's motion is ALLOWED and the Petition [#1] is DISMISSED.

## II. Background

In 1995, Petitioner and 18 codefendants were indicted in the Eastern District of Michigan. Second Superseding Indictment, United States v. Brown et al., No. 2:92-cr-81127-AC-33 (E.D. Mich. Feb. 21, 1995), Dkt. 882; see Petitioner's Mem. in Support of § 2241 Petition ("Pet. Mem.") 5 [#4]. A jury convicted Petitioner of conspiracy to possess cocaine with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; aiding and abetting an intentional killing, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and using or carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C.

§ 924(c). Brown, No. 2:92-cr-81127-AC-33 at Dkt. 1243. Petitioner was sentenced to two concurrent terms of life imprisonment, plus five years. Id. at Dkt. 1343; see also Response 2 [#14]. On direct appeal, the Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Polk, 182 F.3d 919 (6th Cir. 1999).

Gordon has since filed multiple post-conviction motions under 28 U.S.C. § 2255 in the Eastern District of Michigan, all of which were denied. See Petition 4 [#1]. However, in 2018, the Sixth Circuit granted Gordon authorization to file a second or successive § 2255 motion to argue that "he was entitled to relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), because he had been sentenced to mandatory life without parole based on crimes he had committed as a juvenile." In re Gordon, No. 17-1118, slip op. at 2-3 (6th Cir. Jan. 19, 2018). Gordon's authorized § 2255 motion is still pending in the district court. Brown, No. 2:92-cr-81127-AC-33 at Dkt. 2237.

In 2019, also in the Eastern District of Michigan, Gordon moved for a sentence reduction under Section 404 of the First Step Act, which modified the crack-cocaine quantity required to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A)(iii). The District Court denied this motion, finding Gordon ineligible for First Step Act relief. Brown, No. 2:92-cr-81127-AC-33 at Dkt. 2372. Gordon appealed, and the Sixth Circuit reversed the District Court's decision as to Count 1, conspiracy to possess with intent to distribute cocaine and cocaine base in violation of § 841(a)(1), finding Gordon eligible for a sentencing reduction because the Fair Sentencing Act modified the penalties for § 841 drug offenses. United States v. Gordon, No. 19-1739, slip op. at 4-5 (6th Cir. Jan 14, 2021).[1] The Sixth Circuit rejected the government's argument

---

[1] The Sixth Circuit affirmed the District Court's decision as to Count 8, aiding and abetting an intentional killing in furtherance of the conspiracy, in violation of 18 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, and as to Count 9, the use or carrying of a firearm in connection to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Id.

that the Court should decline to consider the First Step Act claim under the concurrent-sentencing doctrine because Gordon was serving a concurrent life sentence on the intentional homicide conviction. Id. at 5. The Court pointed to its earlier decision allowing Gordon's second § 2255 petition challenging his sentences of life imprisonment for offenses committed before he was 18, noting that "[i]f successful, Gordon's life sentences could be vacated, and the fate of his motion for a sentence reduction under the First Step Act could impact the ultimate sentence that he receives." Id.[2]

Gordon also previously filed a section § 2241 petition with this court attacking the invalidity of his sentence on multiple grounds, including that his sentence contravenes Miller and Montgomery and that he should be able to challenge the sentence imposed for his convictions under § 841. Gordon v. Spaulding, 17-cv-12398-IT, Petition [# 1-2]. This court denied the petition, finding that it was, in substance, an attack on the length of his sentence and that such a challenge must be made before the sentencing court. Id., Mem. & Order 5 [# 19].

In this Petition [#1] Gordon again argues that his life sentences contravene Miller and Montgomery, and also argues he is being held without authority of law because he is entitled to resentencing under the First Step Act for his § 841 conviction and given recent developments in sentencing case law, the District Court misapplied the guideline ranges. Mem. in Support Pet. 8-9 [#4]. Gordon again relies on the savings clause in § 2255(e), arguing courts have allowed § 2241 petitions where petitioners have argued they were sentenced to a greater term of imprisonment than authorized by statute. Id. at 6-7.

---

[2] The Sixth Circuit also affirmed the District Court's decision denying Gordon's motion for compassionate release. United States v. Gordon, No. 20-2225 slip op. 7 (6th Cir. Oct. 4, 2021).

**III.     Analysis**

Respondent argues this court does not have jurisdiction to consider Gordon's Petition [#1] because the Sixth Circuit already allowed him to file a further petition in the sentencing court; because Petitioner's filing attempts to circumvent "the strict limitations placed on the filing of successive petitions under 28 U.S.C. § 2255"; and because this Petition [#1] repeats claims made in Gordon's prior § 2241 petition which was denied. Response 6-7 [#14]. Respondent is correct.

As the court previously explained, a petitioner may collaterally challenge the length of his sentence under 28 U.S.C. § 2255. Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); 18 U.S.C. § 2255(a) (listing grounds). Recourse to proceedings under section 2255 is limited by constraints imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which, among other things, requires a federal prisoner who seeks to prosecute a second or successive section 2255 petition to obtain pre-clearance from the court of appeals. 28 U.S.C. § 2255(h).

Petitioner brought this petition under 28 U.S.C. § 2241, rather than section 2255. But "[a] close analysis of the substance of the petition in this case leaves no doubt but that, regardless of its label, the petition falls within the compass" of section 2255. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). Petitioner again seeks to attack the length of his sentence not the conditions of his confinement or "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions." Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (internal citations and quotation marks omitted).

A challenge under section 2255 must be made to the sentencing court. <u>Trenkler</u>, 536 F.3d at 97-98; 28 U.S.C. § 2255(a) (a prisoner "may move the court which imposed the sentence [ . . . ]"). Because Petitioner was convicted in the Eastern District of Michigan, this court does not have jurisdiction under section 2255 to hear the petition or to revise the sentence imposed. Moreover, the First Step Act challenge raised in Gordon's <u>Memorandum</u> [#4] was resolved by the Sixth Circuit earlier this year.

Petitioner's renewed argument that he can bring his challenge to his sentence under the "savings clause" in 28 U.S.C. § 2255(e) fares no better than before. Section 2255(e) provides that a petition by a prisoner who may apply for relief under section 2255 but has failed to do so or who has been denied relief may not be entertained unless it appears that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Courts have allowed recourse to this savings clause in "rare and exceptional circumstance[s], such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a complete miscarriage of justice." <u>Trenkler</u>, 536 F.3d at 99 (internal citation omitted). Given that his section 2255 petition is still being considered by the sentencing court, Petitioner cannot demonstrate that section 2255 is "inadequate or ineffective." Petitioner points to no authority allowing him to challenge his sentence under section 2241 when he has a pending petition under section 2255. Accordingly, this court does not have jurisdiction to hear Petitioner's claim, and this case is dismissed.

**IV.     Conclusion**

For the foregoing reasons, the Respondent's <u>Response</u> [#14] is ALLOWED and Petitioner's <u>Petition</u> [#1] is DISMISSED without prejudice.

IT IS SO ORDERED.

Date: December 20, 2021                              /s/ Indira Talwani
                                                     United States District Judge